IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:11-CV-000732-D

| | |
|---|---|
| JEFFERY S. MURRAY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

On December 21, 2011, Jeffery S. Murray ("plaintiff") filed a civil action appealing the Commissioner of Social Security's ("Commissioner") final decision denying plaintiff's application for a period of disability and disability insurance benefits (collectively, "benefits"). Compl. [D.E. 7]. On March 9, 2012, the Commissioner moved to dismiss plaintiff's action pursuant to Federal Rule of Civil Procedure 12(b)(6) because plaintiff failed to sue within the sixty-day period imposed by 42 U.S.C. § 405(g) [D.E. 12–13]. On March 23, 2012, plaintiff responded that the Commissioner provided misleading information that prevented plaintiff from initiating this suit within the sixty-day period. Resp. Opp'n Mot. Dismiss [D.E. 14].

On May 3, 2011, the Commissioner mailed plaintiff notice of the Appeals Council's decision denying plaintiff's request for benefits. Mem. Supp. Mot. Dismiss [D.E. 13] 1; see Compl. ¶ 7; [D.E. 13-1] at 17–20. On May 10, 2011, the Commissioner mailed plaintiff notice that the Appeals Council had re-opened and re-denied plaintiff's request for benefits. Mem. Supp. Mot. Dismiss 1; see Compl. ¶ 7; [D.E. 13-1] at 22–25. On May 13, 2011, the Commissioner mailed plaintiff notice that the Appeals Council had again re-opened and re-denied plaintiff's request for benefits. Mem.

Supp. Mot. Dismiss 1–2; see [D.E. 13-1] at 26–29. In the May 13, 2011 notice, however, the Commissioner stated, "On May 10, 2011, we told you that we had denied your request for review. We are now setting aside our earlier action to consider additional information." [D.E. 13-1] at 26; see Compl. ¶ 7. Based on this sentence, plaintiff understood the May 13, 2011 notice to indicate that the Appeals Council had "[taken] the case back for further review," but not yet issued a final decision. Compl. ¶ 7; see Resp. Opp'n Mot. Dismiss 1. Accordingly, plaintiff believed that a challenge to the denial of benefits was not yet ripe. Compl. ¶ 7; Resp. Opp'n Mot. Dismiss 1. After not receiving any word for several months, plaintiff contacted the Appeals Council and learned that the Appeals Council had not re-opened the case and that the May 13, 2011 notice was sent in error. Compl. ¶ 8; Resp. Opp'n Mot. Dismiss 1. On December 21, 2011, plaintiff promptly initiated this action. See Compl.

A party challenging the Commissioner's denial of benefits must commence a civil action within sixty days of the Commissioner's final decision. See 42 U.S.C. § 405(g). The sixty-day requirement is not a jurisdictional limit, but rather a period of limitation subject to equitable tolling. Hyatt v. Heckler, 807 F.2d 376, 378 (4th Cir. 1986). Although the Commissioner's decision not to toll the sixty-day period is entitled to deference, a court may decide differently when the equities make deferring to the Commissioner inappropriate. See id. at 380. A plaintiff has "good cause" for missing a deadline when the Commissioner gives a plaintiff "incorrect or incomplete information about when and how to request administrative review or to file a civil suit." 20 C.F.R. § 404.911(b)(6). Because the Commissioner gave "incorrect or incomplete information" to plaintiff, the equities in this case favor tolling the sixty-day period.

Accordingly, the court DENIES the Commissioner's motion to dismiss [D.E. 12].

SO ORDERED. This 3 day of May 2012.

*James Dever*
JAMES C. DEVER III
Chief United States District Judge